IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| TERRANCE LEE MURPHY,<br><br>    Plaintiff,<br><br>    v.<br><br>WASHINGTON COUNTY CIRCUIT COURT,<br><br>    Defendant. | Civil Action No.: JRR-24-2306 |

**MEMORANDUM OPINION**

Self-represented Plaintiff Terrance Lee Murphy's pleading titled "Petition for Writ of Certiorari" was received by the court for filing on August 8, 2024. (ECF No. 1; the "Complaint.") Plaintiff also filed a Motion to Proceed in Forma Pauperis, which shall be granted. (ECF No. 2.) For the reasons that follow, by separate order, the Complaint will be dismissed.

Plaintiff alleges that he is "a non-corporate entity, Born alive (see) 1 U.S. Code section 8 Aboriginal indigenous to this land." (ECF No. 1.) Plaintiff explains that he was arrested on September 8, 2023, for trespassing, burglary and resisting arrest. *Id.* at 2. He asserts that his right to due process has been denied because, at the time he was arrested, he was exercising his right to peacefully protest. *Id.* He claims that while his trial date has been set, his requests "for suppression and discovery" have not been answered, nor has his request to have his case dismissed been addressed. *Id.* Plaintiff avers further that he is an "aboriginal indigenous to this land, a sovereign individual. The laws and treaties binding to the united states of America were put in place for me before the ordinance of (1787) and the united states constitution of (1787). [Plaintiff's] pre-

establish diversity rights of claim for the protection of all indigenous aboriginal people are supported by article VI of the united states constitution." *Id*. at 2.

Pursuant to Federal Rule of Evidence 201(b), "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." FED. R. EVID. 201(b). Pursuant to Rule 201(b), the court takes note that Plaintiff is currently awaiting trial in the Circuit Court for Washington County on charges of fourth degree burglary, trespass, and resisting/interfering with arrest. *State v. Murphy*, Case No. C-21-CR-23-000748 (Wash. Cty. Cir. Ct.).[1] Plaintiff has not yet stood trial for these charges; and proceeding with the instant action wherein Plaintiff claims that his right to due process was violated in connection with the charges in the above-cited Washington County case is inappropriate for the reasons set forth below.

The *Younger*[2] abstention doctrine "requires a federal court to abstain from interfering in state proceedings, even if jurisdiction exists," if there is: "(1) an ongoing state judicial proceeding, instituted prior to any substantial progress in the federal proceeding; that (2) implicates important, substantial, or vital state interests; and (3) provides an adequate opportunity for the plaintiff to raise the federal constitutional claim advanced in the federal lawsuit." *Laurel Sand & Gravel, Inc. v. Wilson*, 519 F.3d 156, 165 (4th Cir. 2008); *accord United States v. South Carolina*, 720 F.3d 518, 527 (4th Cir. 2013). "*Younger* is not merely a principle of abstention; rather, the case sets forth a mandatory rule of equitable restraint, requiring the dismissal of a federal action." *Williams v. Lubin*, 516 F.Supp.2d 535, 539 (D. Md. 2007) (quoting *Nivens v. Gilchrist*, 444 F.3d 237, 247 (4th Cir. 2006)).

---

[1] *See* https://casesearch.courts.state.md.us/casesearch/inquiryByCaseNum.jis (last visited Sept. 24, 2024).
[2] *Younger v. Harris*, 401 U.S. 37 (1971).

Criminal prosecutions implicate vital state interests and Plaintiff has an adequate opportunity to advance his claim that his right to due process has been violated in the context of his criminal case. *See Sprint Communications, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013) ("one class of cases in which federal-court abstention is required: When there is a parallel, pending state criminal proceeding . . . ."). Accordingly, Plaintiff's complaint will be dismissed without prejudice.

Additionally, to the extent Plaintiff espouses a "sovereign citizen" claim that he is exempt from state laws, that claim is subject to dismissal on separate grounds. Pursuant to 28 U.S.C. § 1915, the court "shall dismiss [a] case" filed by a plaintiff proceeding *in forma pauperis* if the court determines that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); *see Newsome v. EEOC*, 301 F.3d 227, 231-33 (5th Cir. 2002) (extending 28 U.S.C. § 1915 screening to non-prisoner *pro se* litigants). Although a self-represented party's complaint must be construed liberally, *Erickson v. Pardus,* 551 U.S. 89, 94 (2007), a *pro se* plaintiff still carries "the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).

The basis of Plaintiff's demand for relief – *i.e.,* that he is a sovereign citizen and, therefore, his rights have been unlawfully trodden – has been soundly rejected:

> "Adherents to the 'sovereign citizen' theory 'believe that the state and federal governments lack constitutional legitimacy and therefore have no authority to regulate their behavior.'" *Cruel-El v. South Carolina*, No. 6:18-cv-1680-HMH-JDA, 2018 WL 3628844, at *3 (D.S.C. July 10, 2018) (quoting *United States v. Ulloa*, 511 F. App'x 105, 106 n.1 (2d Cir. 2013)). Such arguments are baseless, as numerous courts have held, and should be rejected summarily. *Id*. (collecting cases).

3

*Anderson v. Seat Pleasant Police Dep't,* No. CV DLB-22-1542, 2023 WL 5509167, at *6 (D. Md. Aug. 25, 2023); *Coleman v. Calvert Co.*, No. GJH-15-0920, 2018 WL 1187561, (D. Md. 2018) (dismissing action county sheriff department where refusal to provide valid identification was based on sovereign citizen beliefs). "Regardless of an individual's claimed status of descent, be it as a 'sovereign citizen,' a 'secured-party creditor,' or a 'flesh-and-blood human being,' that person is not beyond the jurisdiction of the courts. These theories should be rejected summarily, however they are presented." *United States v. Benabe,* 654 F.3d 753, 767 (7th Cir. 2011); *see United States v. White*, 480 F. App'x. 193, 194 (4th Cir. 2012) ("Neither the citizenship nor the heritage of a defendant constitutes a key ingredient to a ... court's jurisdiction in criminal prosecutions....").

Accordingly, by separate order, the Complaint is dismissed without prejudice.

 9.25.2024  
Date

/S/  
Julie R. Rubin  
United States District Judge